## CIRCUIT COURT OF FAIRFAX COUNTY

Kyte

v.

Kyte

January 18, 1990

Case No. (Chancery) 106603

By JUDGE THOMAS S. KENNY

This letter will confirm my ruling from the bench concerning the issue of whether parol evidence is admissible as to the parties' intent with respect to Mrs. Kyte's rights in Mr. Kyte's pension.

Paragraph 23 of the Property Settlement Agreement reads as follows, in its entirety:

23. RETIREMENT

When the Husband retires from the United States Government service, the Wife shall receive, the Wife shall receive [sic] directly from the financial center *the standard Government calculation of her statutory share* of the Husband's retirement account *until the Husband's death or the Wife's death.* The Husband waives any and all rights he may have to the Wife's retirement. Wife shall pay taxes on the retirement received by her from the Husband and the Husband shall pay taxes on the balance retained by him. (Emphasis added.)

Parol evidence is not admissible to vary the terms of a complete and unambiguous written agreement. *Walker and Laberge Co. v. First Nat'l. Bank of Boston,* 206 Va.

683 (1966). In determining whether an ambiguity exists that would justify receiving parol evidence, Virginia applies the "plain meaning rule." *Lerner v. Gudelsky Co.*, 230 Va. 124 (1985). The question, then, is whether the quoted paragraph from the property settlement agreement, given its plain meaning, is ambiguous. I believe it is.

The ambiguity arises from the inherent conflict between the two underlined phrases above. The first phrase ("the standard Government calculation of her statutory share . . .") would, it is conceded by all concerned, result in a termination of Mrs. Kyte's pension share upon her remarriage prior to age 60. *See "Retirement Act"* Sect. 222(a)(2) & (3), set out as note to 50 U.S.C.S. § 403 (Supp. 1989, at p. 62). The second underlined phrase, however, ("until the Husband's death or the Wife's death . . .") indicates an intent to continue her pension rights through the joint lives of the parties, regardless of a remarriage.

In short, the first phrase seems to treat the pension share as a support right, and the second phrase seems to treat it as a property right.

I believe that this issue can only be resolved by hearing parol evidence on which of these approaches the parties intended.